1  Ruben N. Sarkisian, No. 109898
   P.O. Box 10519
2  Glendale, CA. 91209-3519
3  Telephone: (818)  240-5845
   Facsimile: (888)  478-2340
4
   E-mail: sarklaw@aol.com
5
6  Attorneys for Plaintiff
7
8
9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA
11

| 12 | Eduard Enfiajyan | ) | CIVIL CASE NO. |
|---|---|---|---|
| 13 | Plaintiff | ) | COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS |
| 14 | vs. | ) | TO COMPEL ADMINISTRATIVE ACTION BY THE U.S. |
| 15 | U.S. Citizenship & Immigration Services (USCIS), a bureau of the | ) | CITIZENSHIP & IMMIGRATION SERVICES (USCIS) |
| 16 | Department of Homeland Security, and DOES 1 Through 10. | ) | |
| 17 | | ) | |
| 18 | Defendants | ) | |

19
20  The Plaintiff alleges as follows:
21                     **PARTIES**
22                   **The Plaintiff**
23  1.   Plaintiff Eduard Enfiajyan is an applicant for asylum filed well over two years
24  ago, in the year 2005. Said application has not been fully adjudicated. Plaintiff's
25  alien number issued by the United States government is **A99-333-524.**
26                   **The Defendant**
27  2.   Defendant the U.S. Citizenship & Immigration Services (USCIS) is a Federal
28  Agency/bureau within the United States Department of Homeland Security, who is

required under law (8.U.S.C. Section 1103) to supervise, implement and enforce the Immigration and Nationality Act (hereinafter referred to as "INA"), 8 U.S.C. Section 1101, et.seq.

## FACTS

3. Plaintiff is a former military officer, and a government critic from the Republic of Armenia, who prior to his last entry had been a regular visitor[1] to the United States. Plaintiff last entered the United States as a visitor on September 9, 2005 and two months later filed a timely application for asylum based on his fears[2] of persecution in his country. Plaintiff's asylum application was denied by Defendant on 2/23/2006, however, unlike other's similarly situated, defendant was not referred to an Immigration Judge in removal proceedings where he would have had the opportunity of having his application re-examined by an Immigration Judge, and thus have a second chance before a different arbiter to prove his claim. Plaintiff was denied this opportunity, presumably because his visitor status was still in effect until March 8, 2006. This decision to not refer, caused Plaintiff's application to remain in the jurisdiction of Defendant, rather than the Immigration Court. In light of the fact that Defendant maintained jurisdiction over the application, Plaintiff filed a motion for reconsideration in mid June of 2006, specifically informing Defendant, that in as much as he was (by that time) out of status, to be placed in *removal*[3] proceedings, (as is Defendant's procedure), if his *motion to reconsider* was not considered, or unsuccessful. Such placement/referral to removal proceedings would have given the alien Plaintiff the

---

[1] Plaintiff's previous visits to the United States occurred on Nov 3, 2003, Oct 16, 2000, May 11, 1996.

[2] These fears, in part, were based on Plaintiff's struggle against brutality and corruption rampant in the military of the Republic of Armenia . Plaintiff had time and again used his credentials as a decorated veteran of the Nagorno-Karabakh war.

[3] Formerly known as *deportation* proceedings.

2

opportunity to at least present his case to an Immigration Judge[4]. Despite numerous written and telephonic inquiries by Plaintiff's counsel, it took nine months for Defendant to issue a cursory denial on May 15, 2007, but once again failing to place the Plaintiff in removal[5] proceedings, and thus depriving him (literally) of his day in court, before an Immigration Judge. Faced with this lack of adherence by Defendant to Defendant's own procedure, and in light of recent developments in his country[6], effecting his claim of asylum, Plaintiff re-applied for asylum on September 22, 2007. This re-application was filed with the **Los Angeles Asylum Office** of the Defendant, and pursuant to Defendant's regulation and instructions, the new (subsequent) asylum application was addressed to ***"Referred to Asylum Office by CSC/Reapplying-Restored to Status"***. Despite several inquiries defendant has not processed Plaintiff's application, while other's similarly situated have undergone processing. Plaintiff has time and again, through his counsel, informed Defendant that he is not asking for any special preference but merely asking to be treated like any other alien who is out of status, i.e. being placed in removal proceedings, if the renewed asylum application is not processed. Enclosed and attached as **Exhibit "A"**, please find copies of Plaintiff's most recent inquiries sent to Defendant.

## JURISDICTION AND VENUE

4. This is an action for mandamus and injunctive relief in accordance with the provisions of <u>Title 28, United States Code, Section 2201 and 2202</u>, and is brought for the purpose of determining a question of actual controversy between the parties as more fully explained in the remainder of this complaint.

5. Jurisdiction of this action is based on <u>Title 28, United States Code, Section</u>

---

[4]Immigration Judges are part of the Department of Justice, and thus independent from Defendant, which is a bureau of the Department of Homeland Security.

[5]By this time the alien had been out of legal status for some fourteen months.

[6]Placing Plaintiff's life and/or freedom in greater danger.

1331(a) and 2201 and 8 United States Code Section 1447(b). The plaintiff alleges eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act, Title 28, United States Code, Section 2412.

6. Venue lies in this Court pursuant to the provisions of Title 28, United States Code, Section 1391(e), as plaintiff, as well as defendant resides in Los Angeles County.

## CLAIM FOR RELIEF

7. The plaintiff has complied with all necessary requirements for his application to be processed.

8. The Defendants have not taken action to complete the adjudication of the Plaintiff's application.

9. The defendants have adjudicated applications and petitions filed by persons who are not parties to this action, and which were filed subsequent to the applications and petitions filed by the Plaintiff.

10. The Defendants do not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and non preferential basis; or, (2) applicants and petitioners are provided with information on the status of files that have not been adjudicated on a timely basis.

11. Plaintiff has been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by the Defendants' neglect and refusal to take action to adjudicate the application filed by Plaintiff.

12. Plaintiff has suffered and continues to suffer irreparable harm as a result of the defendants' refusal to take action..

13. There is no reasonable basis for the Defendant's position and it is not substantially justified under the law.

14. The defendants have in their possession all information necessary to complete the adjudication of the petition filed on behalf of the Plaintiff. The

defendants' refusal to complete the administrative processing is a disregard of their official duty and the Plaintiff is wholly without remedy, under the circumstances, unless mandamus is ordered by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. That judgement be entered ordering the Defendants to forthwith adjudicate the Plaintiff's application.

2. That the Defendants be ordered to pay the costs of suit herein.

3. That the defendant be ordered to pay the Plaintiff's reasonable attorney's fees for this action.

4. That the Court grant such other and further relief as it may deem to be necessary and proper.

Dated: June 5, 2008

Respectfully submitted,

by: _____
Ruben N. Sarkisian
Attorney for Plaintiff

*Ruben N. Sarkisian*
Attorney at Law
415 E. Broadway, Suite 200
Glendale, CA. 91205

Tel: (818) 240-5845     Fax: (818) 240-5865

March 26, 2008

Mary Winkler, Congressional Liaison
c/o Anaheim Asylum Office
Citizenship and Immigration Services
P.O. Box 65015
Anaheim, California 92815-8515

    RE:    I-589 Application for Asylum and for Withholding of Removal
            Applicant:    ENFIAJYAN, Edward    A99-333-524

Dear Ms. Winkler:

    Enclosed please find a copy of our inquiry letter, which was mailed to your office on February 13, 2008. Our request for status and assistance remained unanswered. We will be very grateful for your assistance with the above-referenced matter, which is pending at the Anaheim Asylum Office since September 22, 2007.

    If you have any questions regarding this matter and/or need any additional information, please do not hesitate to contact this office at your convenience.

Very truly yours

Law Office of Ruben Sarkisian

Ruben N. Sarkisian
Attorney at Law
Enclosure
akh

*Ruben N. Sarkisian*
*Attorney at Law*
*415 E. Broadway, Suite 200*
*Glendale, CA. 91205*

Tel: (818) 240-5845                                                                       Fax: (818) 240-5865

February 13, 2008

Mary Winkler, Congressional Liaison
c/o Anaheim Asylum Office
Citizenship and Immigration Services
P.O. Box 65015
Anaheim, California 92815-8515

      RE:    I-589 Application for Asylum and for Withholding of Removal
              Applicant:    ENFIAJYAN, Edward    A99-333-524

Dear Ms. Winkler:

      As per instructions of the USCIS California Service Center, this office filed Mr. Edward Enfiajyan's I-589 application with an annotation on the front of the envelope **"Referred to asylum office by CSC/Reapplying-Restored to Status"** on September 22, 2007. Notwithstanding the fact that the case has been pending at the asylum office for over 120 days, no acknowledgment receipt and/or fingerprinting appointment has been issued so far. This office made a written status inquiry directly with the Anaheim Asylum Office on November 28, 2007 and December 12, 2007, however, no reply has been received. Thus, we are requesting your assistance in this matter.

      Attached please find form G-28 Notice of Entry of Appearance as Attorney in confirmation of our representation of Mr. Enfiajyan.

      If you have any questions regarding this matter and/or need any additional information, please do not hesitate to contact this office at your convenience.

Very truly yours

Law Office of Ruben Sarkisian

*[signature]*

Ruben N. Sarkisian
Attorney at Law

| U.S. Department of Justice | Notice of Entry of Appearance |
|---|---|
| Immigration and Naturalization Service | as Attorney or Representative |

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

In re: ENFIAJYAN, Eduard

Date:
File No. 99-333-524

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name: Eduard Enfiadjyan
☐ Petitioner    ☑ Applicant
☐ Beneficiary

Address: 10223 Mount Gleason Avenue, Sunland, California 91040

Name:
☐ Petitioner    ☐ Applicant
☐ Beneficiary

Address:

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia __California__   __Supreme Court__   and am not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain Fully.)

SIGNATURE: *[signature]*
NAME (Type or Print): Ruben N. Sarkisian

COMPLETE ADDRESS: Law Offices of Ruben N. Sarkisian
P.O. Box 10519, Glendale, CA 91209
TELEPHONE NUMBER: (818)240-5845

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

Ruben N. Sarkisian
(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

Name of Person Consenting: Eduard Enfiadjyan
Signature of Person Consenting: *[signature]*
Date: 12/13/2005

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et SEQ.

Form G-28 (09/26/00)Y

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV08- 3704 MMM (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| Eduard Enfiajyan<br><br>PLAINTIFF(S)<br>v.<br>U.S. Citizenship & Immigration Services (USCIS), a bureau of the Department of Homeland Security, and DOES 1 Through 10.<br><br>DEFENDANT(S). | CV08-03704 *MMM* (FFMx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>U.S. Citizenship & Immigration Services (USCIS), a bureau of the Department of Homeland Security, DOES 1 through 10.</u>

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Ruben N. Sarkisian</u>, whose address is <u>P.O. Box 10519, Glendale, CA. 91209-3519</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN - 6 2008__    By: _____
                               Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Eduard Enfiajyan

**DEFENDANTS**
U.S. Citizenship & Immigration Services, a Bureau of the Department of Homeland Security, and DOES 1 Through 10.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ruben N. Sarkisian, No. 109898
P.O. Box 10519
Glendale, CA. 91209-3519
Telephone: (818) 240-5845, Fax: (888) 478-2340

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No
☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Admin Procedures Act 5 USC 551 et seq., Immigration & Nationality Act §336(b), as codified at 8 U.S.C. §1447(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.
   Los Angeles

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   **Date** June 4, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |